# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 8, 2009 Session

## STATE OF TENNESSEE v. TRAVIS YOUNG

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**Nos. 03-05457 & 03-05459     W. Otis Higgs, Jr., Judge**

_____

**No. W2005-02593-SC-R11-CD - Filed April 30, 2009**
**Not for Publication**

_____

This appeal involves the sentencing of a defendant who shot and seriously wounded a victim during an armed robbery and then two days later led law enforcement authorities on a lengthy and dangerous high-speed chase in an attempt to evade arrest. A Shelby County jury convicted the defendant of numerous offenses arising out of these incidents, and the trial court imposed an effective sixteen-year sentence. On the defendant's first appeal, the Court of Criminal Appeals vacated the sentences and remanded the case for a new sentencing hearing after concluding that the trial court's sentencing findings were inadequate. On remand, the trial court imposed the same sixteen-year sentence. On the defendant's second appeal, the Court of Criminal Appeals made its own sentencing findings and imposed an effective seventeen-year sentence on the defendant. We granted the defendant's Tenn. R. App. P. 11 application. We now hold that the Court of Criminal Appeals exceeded its authority under Tenn. Code Ann. § 40-35-401(c)(2) (2006) by increasing the defendant's effective sentence from sixteen to seventeen years. We also hold (1) that the Sixth Amendment to the United States Constitution does not require that the facts necessary for the imposition of consecutive sentences be determined by a jury, (2) that the Court of Criminal Appeals made adequate findings with regard to its decision to impose consecutive sentences, and (3) that the record contains sufficient evidence to sustain a decision to impose an effective sixteen-year sentence on the defendant.

### Tenn. R. App. P. 11 Appeal by Permission;
### Judgment of the Court of Criminal Appeals Affirmed as Modified

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which JANICE M. HOLDER, C.J., CORNELIA A. CLARK, GARY R. WADE, and SHARON G. LEE, JJ., joined.

Phyllis Aluko and Robert Jones (on appeal), and Timothy Albers (at trial), Memphis, Tennessee, for the appellant, Travis Young.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Brian Clay Johnson and Rachel E. Willis, Assistant Attorneys General; William L. Gibbons, District Attorney General; Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

# MEMORANDUM OPINION[1]

## I.

On February 25, 2003, Travis Young and Christopher Bridges ate lunch together in a room at the Southern Sun Motel in Memphis. Mr. Young went to the bathroom during the meal and returned with a revolver. He demanded that Mr. Bridges surrender his money, jewelry, and car keys. Mr. Bridges complied. Even though Mr. Young threatened to "blow [Mr. Bridges's] head off" if he followed him out of the motel room, Mr. Bridges followed Mr. Young out of the room to ask for his driver's license and his keys other than his car key. Mr. Young responded by shooting Mr. Bridges twice in the leg before driving off in Mr. Bridges's automobile.

On February 27, 2003, two law enforcement officers attempted to stop Mr. Young while he was driving the automobile he had stolen from Mr. Bridges. Instead of stopping, Mr. Young rammed one of the officer's vehicles and fled down Elvis Presley Boulevard onto the interstate heading for the Mississippi line. The ensuing chase involved approximately fifty police vehicles. Despite the heavy traffic, Mr. Young drove at speeds exceeding one hundred miles per hour while talking on his cellular telephone. In the process, Mr. Young hit several police vehicles.

When law enforcement officers from Mississippi blocked the interstate near the state line with their vehicles, Mr. Young made a U-turn and headed back to Memphis. The pursuit ended when Mr. Young collided with a police vehicle with such force that it pushed the police vehicle into a guardrail. After his automobile spun to a stop, Mr. Young tried to escape on foot by running across the interstate highway and down an embankment. He was apprehended only after police dogs brought him to the ground while he was trying to climb a fence. When Mr. Young was taken into custody, the police found Mr. Bridges's property in his possession.

Mr. Young was charged with the robbery and shooting of Mr. Bridges and for colliding with police vehicles while attempting to evade arrest. Following a trial on February 20, 2004, a jury convicted Mr. Young of two counts of aggravated robbery and one count of aggravated assault stemming from the February 25, 2003 incident involving Mr. Bridges and two counts of aggravated assault, two counts of reckless aggravated assault, and one count of evading arrest stemming from his efforts on February 27, 2003 to flee from the police. The trial court sentenced Mr. Young as a Range I offender to two merged ten-year sentences for the aggravated robbery convictions. It also sentenced Mr. Young as a Range II offender to six years on the aggravated assault, reckless aggravated assault, and evading arrest convictions. The trial court also ordered that Mr. Young's sentences arising from the robbery and shooting of Mr. Bridges be served concurrently, and that the sentences arising from colliding with police officers while evading arrest be served concurrently. The trial court also ordered the effective sentences for these two incidents to be served consecutively for an effective sixteen-year sentence.

---

[1]In accordance with Tenn. Sup. Ct. R. 4(A)(2), we designate this opinion as "Not For Publication."

Mr. Young appealed. The Court of Criminal Appeals affirmed the convictions but remanded the case for a new sentencing hearing for the following three reasons: (1) the trial court failed to make specific findings justifying the imposition of consecutive sentences; (2) the trial court failed to identify and support the enhancement factors applied to the reckless aggravated assault, evading arrest, and aggravated robbery convictions; and (3) the trial court failed to identify the specific convictions upon which it had relied when it classified Mr. Young as a multiple offender for sentencing on his aggravated assault, reckless aggravated assault, and evading arrest convictions. *State v. Young*, No. W2004-01752-CCA-R3-CD, 2005 WL 1541854, at *1 (Tenn. Crim. App. June 23, 2005) (No Tenn. R. App. P. 11 application filed).

After the case was remanded, the trial court conducted a second sentencing hearing and again sentenced Mr. Young to the same effective sixteen-year sentence that it had originally imposed. Mr. Young appealed for the second time. In an opinion filed on March 28, 2007, the Court of Criminal Appeals concluded that the trial court had failed to follow the Court of Criminal Appeals' earlier opinion because the trial court had again sentenced Mr. Young "without articulating specific findings of fact or articulating how the enhancement and mitigating factors were evaluated." *State v. Young*, No. W2005-02593-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 269, at *4 (Mar. 28, 2007). Rather than remanding the case again, the Court of Criminal Appeals decided to modify Mr. Young's sentences. With regard to the offenses against Mr. Bridges, the Court of Criminal Appeals sentenced Mr. Young to sixteen-year sentences on the merged aggravated robbery convictions and a six-year sentence on the aggravated assault conviction to be served concurrently with the aggravated robbery convictions. *State v. Young*, 2007 Tenn. Crim. App. LEXIS 269, at *23.

With regard to the convictions arising out of the police chase, the Court of Criminal Appeals sentenced Mr. Young to seven years for the aggravated assault convictions, five years for the reckless aggravated assault convictions, and four years for the intentionally evading arrest conviction. *State v. Young*, 2007 Tenn. Crim. App. LEXIS 269, at *25-26. Like the trial court, the Court of Criminal Appeals concluded "that an effective sentence of sixteen years reasonably relates to the severity of the offenses committed." *State v. Young*, 2007 Tenn. Crim. App. LEXIS 269, at *29. Accordingly, the Court of Criminal Appeals determined that the sentences should run concurrently for an effective sixteen-year sentence. *State v. Young*, 2007 Tenn. Crim. App. LEXIS 269, at *29-30.

Mr. Young filed a Tenn. R. App. P. 39 petition for rehearing asserting (1) that the Court of Criminal Appeals had misclassified him as a Range II offender for his merged aggravated robbery convictions and (2) that the manner in which the Court of Criminal Appeals considered and applied the enhancing factors violated *Blakely v. Washington*, 542 U.S. 296 (2004). The Court of Criminal Appeals granted the petition for rehearing. In a revised opinion filed on February 13, 2008, the Court of Criminal Appeals affirmed the trial court's concurrent ten-year aggravated robbery sentence and the six-year aggravated assault sentence for an effective ten-year sentence for the convictions arising out of the robbery of Mr. Bridges. *State v. Young*, No. W2005-02593-CCA-R3-CD, 2008 WL 382762, at *7 (Tenn. Crim. App. Feb. 13, 2008). With regard to the convictions arising from the police chase on February 27, 2003, the Court of Criminal Appeals sentenced Mr. Young to seven years on his aggravated assault convictions, five years on his reckless aggravated assault convictions, and four years on his intentionally evading arrest conviction. *State v. Young*, 2008 WL 382762, at

*8. The court determined that these sentences should be served concurrently for an effective seven-year sentence. *State v. Young*, 2008 WL 382762, at *8. The Court of Criminal Appeals also concluded that the trial court's imposition of consecutive sentencing with regard to the two incidents was appropriate and imposed an effective seventeen-year sentence. *State v. Young*, 2008 WL 382762, at *9.

Mr. Young sought permission to appeal to this Court. We granted his application on August 25, 2008. In addition to the issues raised in Mr. Young's application, we requested the parties to address the validity of the Court of Criminal Appeals' decision to increase Mr. Young's sentence for the two aggravated assault convictions from six years to seven years in light of the limitations on an appellate court's authority found in Tenn. Code Ann. § 40-35-401(c)(2) (2006). On appeal before this Court, Mr. Young argues (1) that under the Sixth Amendment to the United States Constitution, as interpreted in *Blakely v. Washington* and its progeny, a jury rather than a court must make the necessary factual findings for imposition of consecutive sentencing, (2) that the Court of Criminal Appeals erred by imposing a seventeen-year sentence rather than a sixteen-year sentence, and (3) that the imposition of consecutive sentences was error.

**II.**

Both the United States Supreme Court and this Court have now held that the Sixth Amendment to the United States Constitution does not require that the facts necessary for the imposition of consecutive sentences be determined by a jury. *Oregon v. Ice*, ___ U.S. ___, ___, 129 S. Ct. 711, 714-15 (2009); *State v. Allen*, 259 S.W.3d 671, 689-90 (Tenn. 2008). Accordingly, we have determined that Mr. Young's *Blakely v. Washington* challenge to the decisions of the trial court and the Court of Criminal Appeals with regard to his consecutive sentences lacks merit.

**III.**

When only the defendant appeals a conviction and sentence, Tenn. Code Ann. § 40-35-401(c)(2) limits the authority of the Court of Criminal Appeals to affirming, reducing, vacating, or setting aside the sentence imposed by the trial court.[2] Accordingly, the State has properly conceded that the Court of Criminal Appeals erred by increasing Mr. Young's two aggravated assault convictions from six to seven years and thereby increasing his effective sentence from sixteen to seventeen years.

**IV.**

As a final matter, Mr. Young asserts that both the trial court and the Court of Criminal Appeals failed to make sufficiently detailed findings as required by *State v. Wilkerson*, 905 S.W.2d

---

[2]Tenn. Code Ann. § 40-35-401(c)(3) authorizes the Court of Criminal Appeals to "[r]emand the case or direct the entry of any appropriate sentence or order." When only the defendant appeals a conviction and sentence, an order increasing the defendant's sentence would not be "appropriate" because it would be contrary to Tenn. Code Ann. § 40-35-401(c)(2).

933 (Tenn. 1995) and Tenn. Code Ann. § 40-35-115(b) (2006) for the imposition of consecutive sentences. We have carefully reviewed the trial court's sentencing findings of fact, the text of the February 13, 2008 opinion of the Court of Criminal Appeals, and the record and have determined that, viewed as a whole, there exists sufficient support for the imposition of consecutive sentences in this case.

Mr. Young's actions on both February 25 and February 27, 2003 demonstrate that he is a dangerous offender with little or no regard for human life and with little compunction about engaging in criminal conduct even when the risk to human life is high. *See* Tenn. Code Ann. § 40-35-115(b)(4). By the same token, consecutive sentences are warranted to protect the public from further criminal conduct by Mr. Young. The record contains ample evidence that a sixteen-year sentence reasonably relates to the severity of the offenses that Mr. Young committed and is congruent with general sentencing principles.

## V.

Accordingly, we affirm the decisions of the trial court and the Court of Criminal Appeals requiring Mr. Young to serve the sentences associated with his crimes against Mr. Bridges consecutively to the sentences for the crimes arising from his efforts to evade arrest on February 27, 2003. However, we also find that the Court of Criminal Appeals erred by increasing the sentences for Mr. Young's assault convictions to seven years and his effective sentence to seventeen years. Accordingly, we modify the judgments to provide for concurrent six-year sentences for Mr. Young's assault convictions and for an effective sentence of sixteen years and remand the case to the trial court for the entry of a judgment consistent with this opinion. Because Mr. Young is indigent, we tax the costs of this appeal to the State of Tennessee.

_____
WILLIAM C. KOCH, JR., JUSTICE